**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
DONNA SCARPINATI DE OLIVEIRA,

                              Plaintiff,

           - v -                            Civ. No. 1:11-CV-393
                                                      (NAM/RFT)

CAIRO-DURHAM CENTRAL SCHOOL DISTRICT;
CAIRO-DURHAM BOARD OF EDUCATION;
CAIRO DURHAM TEACHER'S ASSOCIATION;
SALLY SHARKEY, *Individually and as Superintendent
of School as aider and abettor*; SUSAN KUSMINSKY,
*Individually and as President of the Board of Education
as aider and abettor*; JUSTIN KARKER, *Indivdually
and as President of Cairo Durham Teachers Association
as aider and abettor*,

                              Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DISCOVERY DECISION and ORDER

Presently before the Court are Plaintiff's discovery disagreements with the Responses and production of documents made by both groups of Defendants.[1] Prior to the matter being presented to the Court, the parties had conferred with regard to the Defendants' Responses and disclosures to Plaintiff's Demands for Interrogatories and Production. Those conferences produced various modifications to the initial Demands

---

[1] Defendants are categorized into two discrete groups: (1) Cairo-Durham School District Defendants, which include the School District, the Board of Education, Sally Sharkey and Susan Kusminki; and (2) Cairo-Durham Teacher's Association and Justin Karker. For our purposes, the Court shall refer to these groups as the School District Defendants and the Teacher's Association Defendants respectively.

and Supplemental Responses by the Defendants. And yet, the Plaintiff remains unsatisfied with those Responses.

Plaintiff's dissatisfaction prompted a Letter-Motion for a telephone conference to discuss these discovery issues, Dkt. No. 57, and the Defendants filed Responses thereto, Dkt. Nos. 59, 60, & 61. On July 25, 2013, a telephonic Hearing was held on the record with the expectation of resolving the discovery issues. Because so many discovery issues were being raised by all parties for the first time, the Court was unable to resolve these matters without further briefing. The Court suggested that the parties meet and confer further in order to narrow the issues, and if they were unable to either resolve or narrow the issues, they may re-submit the matter to the Court. Dkt. No. 63, Text Order, dated July 25, 2013.

With no resolution or contraction of the discovery issues forthcoming, pursuant to the Text Order, on July 31, 2013, Plaintiff filed her Letter Brief moving to compel discovery, Dkt. No. 65, to which the respective Defendants responded, Dkt. Nos. 66 & 67. As mentioned above, there has been a series of modifications to Plaintiff's Demands prompting various Supplemental Responses. Rather than comprehensively discuss these historical exchanges between the parties, the Court will address only the most recent Demands and Supplemental Responses. The Court will address the issues percolating between the Plaintiff and the School District Defendants first and then

those issues noted between the Plaintiff and the Teacher's Association Defendants.

## A. School District Defendants Discovery Issues

Plaintiff argues that the School District Defendants have failed to adequately respond to her last iteration of Interrogatories designated as numbers 4, 7, 10, and 17, as well as Document Demand number 5. Dkt. No. 65, Pl.'s Lt.-Br., at p. 1. The School District Defendants obviously disagree. Dkt. No. 66, Sch. Dist. Defs.' Lt.-Br. The Court address these issues *seriatim*.

*Revised Interrogatory No. 4: Identify each current employee, former employee, agent, trustee, or representative of defendants with whom you have communicated, either in person, by telephone, or in writing, regarding any of plaintiff's allegations in the amended complaint in this case, and identify all documents concerning such communication.*

Plaintiff identifies two specific bases as to why the School District Defendants' Supplemental Response is inadequate. First, these Defendants failed to identify all communications as requested. And, second, Plaintiff contends that these Defendants are relying upon the advice of counsel and accordingly have waived **all** attorney-client privileged communications. Because these Defendants "voluntarily produced communications of counsel[,] . . . they cannot selectively produce those communications[.]" Dkt. No. 65 at p. 3.

The School District Defendants acknowledge that they had relied upon the advice of counsel from Kristine Lanchantin, Esq., which they received during the

spring of 2010 regarding the determination of teachers' seniority. Dkt. No. 66 at p. 4. In essence, these Defendants argue that those communications - relying upon the advice the School District's Legal Counsel - were revealed were for a limited duration and for a circumscribed topic. Subsequent to those communications relative to seniority, the School District Defendants' current trial attorneys have represented them on a sundry of actions that pertain to the Plaintiff's complaints and grievances. *Id*. Although the School District Defendants did not seek protection of those documents or communications regarding seniority, they challenge the proposition that such disclosure is a wholesale waiver of the attorney-client privilege with respect to all other litigation matters. *Id*. at p. 10.

When there is a reliance upon the advice of counsel, it is accurate to note that there is a subject matter waiver of attorney-client privileged communications that may reach all related privileged conversations regarding that particular subject. *In re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987). Yet, "[t]his waiver, however, does not grant *carte blanche* the [plaintiff's] ability to rummage through all of the attorneys' files or to have unfettered access to the defense litigation strategies," and communications. *NewRiver, Inc. v. Newkirk Prods., Inc.*, 2008 WL 5115244, at *2 (N.D.N.Y. Dec. 4, 2008) (citing *In re EchoStar Commc'n Corp.*, 448 F.3d 1294, 1303 (Fed. Cir. 2006)); *In re von Bulow*, 828 F.2d at p. 103 ("There exists no reason in logic or equity to

broaden the waiver beyond those matters actually revealed.").

Turning to the facts in this case, the Court agrees with the School District Defendants that they have waived neither the attorney-client privilege nor the work product doctrine with respect to those communications that pertain to the New York State Article 78 proceeding, grievances and appeals before the Commissioner of Education of the State of New York and Public Employment Relations Board, and this federal action. However, with that being said, the School District Defendants still have a discovery obligation relative to the communications between the litigation attorneys and their clients that they assert are privileged. When withholding information because of the claims of privilege or protection, the responding party is required to prepare a list expressing the claim and describing the nature of the documents, communications, and the like as to why it is not being disclosed. FED. R. CIV. P. 26(b)(5)(A)(i) & (ii). There is no mention of a privilege log in this discourse. Assuming that there is no privilege log, the School District Defendants are directed to serve such a log upon the Plaintiff.

Further, after reviewing the School District Defendants' Supplemental Response to Interrogatory 4, the Court finds that it is fundamentally adequate and they have reasonably identified the previously disclosed, relevant corresponding documents consistent with FED. R. CIV. P. 33(d). With the exception of the privileged

log, no further response nor disclosure is warranted as to this Interrogatory.

In terms of Interrogatory No. 7, Plaintiff indicates that she is satisfied with the Defendants' First Supplemental Response. Dkt. No. 65 at p. 5.

*Revised Interrogatory No. 10: Identify all teachers within the District, irrespective of tenure classification, who have actually used accrued paid time without having a certified disability or beyond the period of his or her certified disability between the period of July 1, 2006 to July 1, 2009.*

Plaintiff's objection to the School District Defendants' Response is narrowly tailored to a specific issue. She argues that these Defendants failed to produce documents corresponding to the list of names provided. In responding to this Interrogatory, these Defendants have listed over eighty teachers who may fall within this category, even though these Defendants protest that the Interrogatory is meaningless as well as it encompasses a period prior to the Plaintiff's employment with the School District and beyond the relevant collective bargaining agreement.

Considering that the extended discovery deadline of July 30, 2013, has elapsed, and this Court announced that no further extensions would be considered, Dkt. No. 56, to now seek the "documentary information on all persona who were allowed to take paid FMLA leave for any purpose in order to judge whether females forced to take unpaid child care leave were mistreated in comparison," Dkt. No. 65 at p. 6, seems unreasonable. Moreover, unlike other Interrogatories, there is no specific

request for documentation and Document Request No. 1,[2] may not serve as a failsafe demand, but rather may have stirred some ambiguity as to what and when documents were required. Setting all of that aside, the Court will permit a limited audit of such documents, if they have not already been served. Considering that the Plaintiff postulates that male teachers were allowed to take paid leave without a certified disability for child care and FMLA purpose, the Court will permit the Plaintiff to inspect or to receive copies of records of fifteen males and ten females who requested, received, and used accrued time without having a certificate of disability but only for the relevant period of the Plaintiff's employment term.

*Revised Interrogatory No. 17: Identify each person, excluding attorneys, with whom you have discussed any aspect of this action, state the dates and describe the substance of the statement or discussion.*

Here, the Plaintiff asserts that the School District Defendants failed to identify all documents concerning such communications, although there is not a specific or clear request for such documents. Conversely, these Defendants contend that seeking "any aspect of this action" is "absurdly overbroad and is not sufficiently tailored to be reasonable." Dkt. No. 66 at p. 9. Moreover, they contend that despite the overbroad Interrogatory, their Supplemental Response is very detailed and complies

---

[2] "Provide any and all documents responsive to the above interrogatories and which will be relied upon by the defendant to support the answer set forth in response to the above interrogatories." Dkt. No. 65 at p. 3, n.1.

with their obligation. *Id*.

"A responding party need not provide all evidentiary proof or every shred of evidence he possesses, but his response must be particular as to relevant facts of the case." *Bartnick v. CSX Transp., Inc.*, 2012 WL 1565057, at *4 (Apr. 27, 2012) (citations omitted). Demands and interrogatories must be reasonably tailored and not seek all that a party may have with regard to its view of the case and yet, an answer to such an interrogatory must be adequate to be a complete response and as specific as possible, and not evasive. *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997).

In reviewing the Supplemental Response, the Court finds that the School District Defendants have adequately responded to this Interrogatory and have adequately identified the previously disclosed and relevant corresponding documents.

*Document Request No. 5: Provide any records, documents, memoranda, letters, or emails related to classifications of teachers' tenure areas during the period between January 1, 2010 and October 1, 2010.*

Actually, this Demand stands co-joined with Interrogatory No. 4. Once again, the Plaintiff seeks every communication, including those with the current litigation counsel, arguing that the subject matter has been waived. But as discussed above, the waiver pertains to a limited subject matter and does not extend to every communication between present counsel and his clients. These Defendants stated that

they have produced all of the documents reflecting communications related to classification of teachers' tenure, which Plaintiff does not dispute except with regard to not receiving the communications between trial counsel and the Defendants. Accordingly, the Court finds that the Response and Production are adequate.

## B. Teachers's Association Defendants Discovery Issues

In terms of the Teacher's Association Defendants, Plaintiff posits that they failed to properly respond to nearly all of the Interrogatories in rather profound ways. Yet, and for our purpose, she raises that these Defendants only failed to adequately and properly respond to Interrogatories numbered 4, 6, 7, "misnumbered" 7, and 8, and Request for Document No. 1. Dkt. No. 65 at pp. 8-13. In addressing these four Interrogatories and one Document Demand, the Teacher's Association Defendants provide Second Supplemental Responses to these Interrogatories, while arguing that their Response to Interrogatory number 6 is adequate and that there is no document that would satisfy Document Demand No. 1.

*Interrogatory No. 4: Identify each current employee, former employee, agent, trustee, or representative of defendants with whom you have communicated, either in person, by telephone, or in writing, regarding any plaintiff's claims in this case, and identify all documents concerning such communications.*

In their First Response to this Interrogatory, the Teacher's Association Defendants listed twelve employees without providing documents. With the Second Supplemental Response, these Defendants identify the previously disclosed, relevant

and corresponding documents, consistent with FED. R. CIV. P. 33(d). Therefore, it appears that these Defendants have adequately satisfied this Interrogatory.

*Interrogatory No. 6: State and describe in detail all evidence including documents, affidavits and/or statements upon which defendants intend to rely at trial in support of defendant's assertion in response to paragraphs "26," "27," and "28" of the amended complaint that "plaintiff's taking [unpaid FMLA leave], enjoying such leave, or return from such leave" did not violate: a. The Family and Medical Leave Act (FMLA); b. The Fourteenth Amendment of the United States Constitution; c. Title VII of the Civil Rights Act of 1964; [and] d. The New York State Human Rights Law.*

The Teacher's Association Defendants argue that they are not required to provide every stitch of evidence in their possession when responding to this Interrogatory. Therefore, they argue that this demand is overbroad and burdensome. For the reasons stated above, the Court agrees with the Teacher's Association Defendants that they are not obligated to disclose all evidence relative to this Demand. *Bartnick v. CSX Transp., Inc.*, 2012 WL 1565057, at *4. The production of documents should be more than an idea as to what the defenses may be, but it should not be an intrusion into the wheelhouse of work product and/or attorney-client privileged communications. The Plaintiff cannot use an "any and all" type of interrogatory or demand as a battering ram pursuing discovery. The rules of demand require specifically tailored requests. Moreover, these Defendants state that all documents that could conceivably respond to this request have been provided throughout the discovery process. If that is true, then these Defendants' only

shortcoming is not listing those appropriate documents in their Response as directed by Rule 33(d). Without identifying those documents, the Plaintiff has not been put on notice as to what documents would be applicable to these four causes of action. Accordingly, the Teacher Association's Defendants shall list, to the best of their ability, those documents that they have already disclosed that correspond to their Response. To facilitate such disclosure, providing the identity of the document or the bate stamp number shall suffice. In listing these documents, the Defendants cannot rely upon incorporating by reference other documents or responses, if so, it would be unresponsive and improper. *Trueman v. New York State Canal Corp.*, 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010) (citing *Poulio v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D.Conn. June 14, 2004)).

*Interrogatory No. 7: State and Describe in detail all evidence including documents, affidavits and/or statements upon which defendants intend to rely at trial in support of defendant's assertion in response to paragraph 32 of the amended complaint.*

Regarding this Interrogatory, the Plaintiff is seeking whether an attorney's investigation occurred relative to her grievances. She notes that these Defendants already admitted to the existence of such an investigation but did not provide any information regarding it. In their Second Supplemental Response, the Teacher's Association Defendants not only confirm that an investigation of Plaintiff's complaints had occurred and shared its determination, but they also identify two

*-11-*

documents that were also considered in that investigation. Accordingly, these Defendants have adequately responded to this Interrogatory.

*Interrogatory No. 7 (Misnumbered): Provide the following information regarding defendants' response to paragraph 32 of the amended complaint: subparts a-i.*

Apparently the parties met and conferred on the Teacher's Association Defendants Responses and it is intimated that the Defendants agreed to further supplement their Response. Essentially, Plaintiff seeks information regarding the steps that the Defendants took to investigate Plaintiff's concerns. In their Second Supplemental Response, the Teacher's Association Defendants state, " [s]ee Second Supplemental Answer to Interrogatory No. 7 above." Dkt. No. 67-2, Teacher's Assoc. Defs.' Second Supplemental Responses at p. 4. Here these Defendants have merely incorporated an earlier response, which could very well be misleading. For the reasons stated above, incorporation by reference to other interrogatories is improper. *Trueman v. New York State Canal Corp.*, 2010 WL 681341, at *3. Therefore, if the Response is the same as the previous response, the content and context should be fully stated, even if it repeats verbatim the text of the previous response.

*Interrogatory No. 8: Provide the following information regarding defendants' response to paragraph 34 of the amended complaint: subparts a and b.*

In reference to this Interrogatory, Plaintiff argues that these Defendants failed to provide any information regarding their investigation. In their Second

Supplemental Response, these Defendants merely refer to their Responses to Interrogatories 7 and 8. As noted above, this is improper. Therefore, the Teacher's Association Defendants shall fully reprise those Responses so that there is no confusion as to appropriate and corresponding answer.

*Document Demand No. 1: Provide any and all documents responsive to the above interrogatories and which will be relied upon by the defendants to support the answers set forth in response to the above interrogatories.*

All of the previous rulings above should satisfy this Demand as to producing documents responsive to the Interrogatories 4, 6, 7(misnumbered), and 8. And, as to the "Association's Seniority Questionnaire," the Teacher's Association Defendants state that no such relevant documents exists.

## C. Scheduling Deadlines

The discovery deadline has passed and no extension of this deadline will be considered with the exception of the Defendants fulfilling the discovery directives set forth in this Discovery Decision and Order. No other discovery is allowed. The Defendants shall comply with this Discovery Decision and Order by **October 4, 2013.** The Scheduling Order is amended to extend only the final day to file dispositive motions to **November 8, 2013.**[3]

---

[3] Presently, a Motion for Partial Summary Judgment, Dkt. No. 39, and a Cross-Motion for Summary Judgment, Dkt. No. 49, are pending. Further dispositive motions may not be warranted. And, if that is the case, and after these motions are decided, this litigation will be trial ready.

**IT IS SO ORDERED.**

August 30, 2013
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge